The Honorable David Bisbee State Senator 14068 Pyramid Drive Rogers, AR 72758-0116
Dear Senator Bisbee:
I am writing in response to your request for an opinion on the following questions:
 1. Does a volunteer fire department have the ability to exempt a person, business, occupiable structure, or tax exempt organization from paying fire department dues under [Ark. Code Ann.] § 14-20-108? Who or what entity, if any, has the authority to make exemptions?
 2. Does [Ark. Code Ann.] § 14-20-108(a)(3), which allows for an exemption of active members of the fire department from paying dues, have any affect [sic, "effect"] on the answer to question one?
 3. Arkansas Code Annotated § 14-20-108(a)(2) states that an ordinance enacted by the court shall set forth the terms and conditions on which such dues are to be collected by the county and remitted to the volunteer fire department. Can this ordinance provide for exemptions or give someone the power to make exemptions?
 4. If the ordinance is silent on the issue of exemptions, will this limit the ability to make exemptions?
 5. If an occupiable structure is tax exempt, how are the fire department dues billed and collected? *Page 2 
RESPONSE
As indicated in the news article attached to your request, Benton County voters approved a quorum-court ordinance that requires each residence and each occupiable business structure (in certain areas) to pay dues for fire-department services. Presumably, this vote was under A.C.A. § 14-20-108(a)(1)(B) (1998 Supp. 2007). The article also indicates that the fire departments' boundaries have been fixed. Presumably, these boundaries were fixed under subsection 14-20-108(b)(1). Accordingly, my responses are limited to (i) volunteer fire departments under § 14-20-108, [1] (ii) serving areas specifically defined by a quorum court under subsection 14-20-108(b)(1), (iii) which departments' dues have been voted on pursuant to subsection 14-20-108(a)(1)(B).[2]
With respect to your first question, fire departments are only permitted to exempt active, volunteer firefighters, in my opinion. A.C.A. § 14-20-108(a)(3). With respect to the second part of your first question, the quorum court and fire departments may only exempt those mentioned in subsection 14-20-108(a)(3). As for your second question, it is my opinion that subsection 14-20-108(a)(3)'s exemption does not alter the statute's general "no exemption" stance. As for your third question, subsection 14-20-108(a)(2)'s phrase "terms and conditions" does not permit the quorum court to include additional exemptions, in my opinion. Given my answers to your first three questions, I believe your fourth question is moot. As for your final question, I cannot opine about the practical concerns regarding how the quorum court's ordinance is implemented.
Question 1: Does a volunteer fire department have the ability to exempta person, business, occupiable structure, or tax exempt organizationfrom paying *Page 3 fire department dues under [Ark. Code Ann.] § 14-20-108? Who or whatentity, if any, has the authority to make exemptions?
Because this question has two parts, I will handle them separately. As for the first part, under subsection 14-20-108(a)(1)(B) fire departments can exempt only their own active, volunteer firefighters. The statute requires dues be levied on "each" residence and "each" business. A.C.A. § 14-20-108(a)(1)(B)(i)(a). The only exception to this broad scope is for people meeting subsection 14-20-108(a)(3).
My opinion on the second part of your question — who or what entity has authority to make exemptions — is that, aside from the exemption for certain firefighters, neither quorum courts nor fire departments have exemption authority. My conclusion is based on the quid pro quo the statute requires between the county and the departments. The statute gives two benefits to the departments. First, departments unload onto the county the administrative burden of collecting dues. A.C.A. § 14-20-108(a)(1)(B)(i)(c). Second, because dues are levied on every residence and occupiable business structure in the boundary — as opposed to only subscribing members — departments probably obtain more gross income.
But these two benefits come with a price. In my opinion, departments effectively cede control over their membership when they avail themselves of subsection 14-20-108(a)(1)(B). Because this subsection is so broadly worded, when departments make a request under subsection 14-20-108(a)(1)(B), they effectively request every residence and every business become members: "the quorum court shall call an election on the issue of the levy of volunteer fire department dues on each residence and on each business having an occupiable structure. . . ." (Emphasis added.) The only exception is that active, volunteer firefighters may be exempted. A.C.A. § 14-20-108
(a)(3).
Question 2: Does [Ark. Code Ann.] § 14-20-108(a)(3), which allows for anexemption of active members of the fire department from paying dues,have any affect [sic "effect"] on the answer to question one?
Subsection 14-20-108(a)(3) provides the single exception to subsection 14-20-108(a)(1)(B)'s broad scope.
Question 3: A.C.A. 14-20-108(a)(2) states that an ordinance enacted bythe court shall set forth the terms and conditions on which such duesare to be collected *Page 4 by the county and remitted to the volunteer fire department. Can thisordinance provide for exemptions or give someone the power to makeexemptions?
In my opinion, the phrase "terms and conditions" does not permit the quorum court to provide exemptions under subsection 14-20-108(a)(1)(B) because the phrase only applies to subsection 14-20-108(a)(1)(A). The limited applicability of this phrase is seen by reviewing a portion of this statute as it originally stood:
 The quorum courts of the respective counties, may upon request therefor filed with the quorum court by one [1] or more volunteer fire departments in the county, adopt an ordinance authorizing a designated county official to collect and remit to the volunteer fire department the annual or quarterly dues charged by such volunteer fire department in consideration of providing fire protection to unincorporated areas of the county. The ordinance enacted by the quorum court shall set for the terms and conditions on which such dues are to be collected by the county, and for the remission thereof to the volunteer fire departments.
A.S.A. § 17-455 (Repl. 1980) (emphasis added). With the exception of minor stylistic changes, this entire paragraph exists today in § 14-20-108. But everything preceding the italics has been placed in its own subsection: 14-20-108(a)(1)(A). The italicized language now appears in subsection 14-20-108(a)(2). Thus, this statute's amendatory history shows the phrase "terms and conditions" applies to what is now subsection 14-20-108(a)(1)(A). Further, under the current version of the statute, if the phrase was read as applying to the scenario we are considering here (subsection 14-20-108(a)(B)(i)) then the phrase would merely be redundant because the latter subsection already contains a collection method: "If the levy is approved by a majority of those voting on the issue, the dues shall be listed annually on real property tax statements and collected at the same time and in the same manner as real property taxes." A.C.A. § 14-20-108(a)(1)(B)(i)(c).
Because the phrase "terms and conditions" applies to what is now subsection 14-20-108(a)(1)(A), and that subsection is not being considered for purposes of your request (see note 2 and accompanying text), I will not address whether the phrase permits the quorum court to adopt exemptions under subsection 14-20-108(a)(1)(A). *Page 5 Question 4: If the ordinance is silent on the issue of exemptions, willthis limit the ability to make exemptions?
Given my above responses, I think this question is moot. The ordinance cannot contain any exemptions not permitted by the statute. Therefore, an ordinance's silence is irrelevant to the ability to make additional exemptions not permitted by the statute.
Question 5: If an occupiable structure is tax exempt, how are the firedepartment dues billed and collected?
I cannot opine on the dues-collection procedure for tax-exempt organizations. As my predecessor explained, the practical issues that arise regarding how to enforce this statute are beyond the scope of an opinion from this office. Op. Att'y Gen. 2001-385. Because the procedures for collecting these dues are tied to real-property tax statements, it is unclear how the provisions apply to tax-exempt organizations. Therefore, the mechanics of enforcing this statute would benefit from legislative clarification. See, e.g., Ops. Att'y Gen.2004-224; 2001-385, n. 1.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
DM:RO/cyh
[1] "Volunteer fire departments" assume several forms: (1) private, nonprofit corporations collecting membership fees or dues; (2) the following assess local benefits to be collected with ad valorem taxes: fire- protection districts governed by either A.C.A. §§ 14-284-101 etseq. or §§ 14-284-201 et seq.; or suburban fire-improvement districts under A.C.A. § 14-92-201 et seq.; (3) departments established by the county under § 14-20-108(c); or (4) county-created subordinate-service districts under §§ 14-14-708 and -709. E.g. Op. Att'y Gen. 2008-073. This opinion assumes we are dealing with a private, nonprofit corporation that originally collected membership fees but has now moved to "dues" under § 14-20-108.
[2] If a fire department availed itself of only subsection 14-20-108(a)(1)(A) instead of subsection 14-20-108(a)(1)(B)(i) (a), it is unclear how your questions would be resolved. Legislative clarification is, in my opinion, warranted as to the scope of the department's membership.